**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edgardo MARTINEZ–MARTINEZ,**
**Defendant–Appellant.**

**No. 10–30139.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 8, 2011.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kirk Alan Engdall, United States Attorney's Office, Eugene, OR, for Plaintiff–Appellee.

Mark Bennett Weintraub, Assistant Federal Public Defender, FPDOR—Federal Public Defender's Office, Eugene, OR, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Edgardo Martinez–Martinez appeals from the 30–month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez–Martinez contends that the district court procedurally erred by impermissibly considering his rejection of the government's fast-track plea offer and the sentence that would have resulted therefrom. We review for plain error. *See United States v. Evans–Martinez*, 611 F.3d 635, 642 (9th Cir.2010). Martinez–Martinez fails to demonstrate that the dis-

** This disposition is not appropriate for publication and is not precedent except as provid-

trict court's inquiry into whether he rejected a plea offer was plain error that affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761–62 (9th Cir.2008).

Martinez–Martinez also contends that the sentence imposed is substantively unreasonable due to the age of the prior violent felony conviction that triggered a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). The district court specifically considered the 18 U.S.C. § 3553(a) sentencing factors, in conjunction with the staleness of the conviction, prior to granting a downward variance from the advisory Guidelines range. *See United States v. Amezcua–Vasquez*, 567 F.3d 1050, 1054–56 (9th Cir.2009). The below-Guidelines sentence is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**